UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD   GILMORE,   as   Personal
Representative of the Estate of Vera
Gilmore,

                Plaintiff,

vs.                                      Case No.  2:10-cv-99-FtM-29DNF

LIFE CARE CENTERS of AMERICA, INC.;
LIFE CARE CENTER of AMERICA, INC. of
TENNESSEE;   LEE   COUNTY   MEDICAL
INVESTORS, LLC, agent of Life Care
Center of Estero,

                Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to
Dismiss Plaintiff's Amended Complaint and Memorandum in Support
Thereof (Doc. #31) filed on November 4, 2010.  Plaintiff filed a
Response and Motion to Amend Pre-Removal Complaint (Doc. #45) on
December 13, 2011.  Plaintiff has, however, already amended the
pre-removal complaint (Doc. #2) and filed an Amended Complaint
(Doc. #29-1) which is the subject of defendants' motion.  Thus, the
Court will deny plaintiff's motion to amend as moot and consider
only plaintiff's response to defendants' motion to dismiss.

**I.**

In the Amended Complaint, plaintiff, Ronald Gilmore, as
personal representative of the estate of Vera Gilmore, alleges
that:  Vera Gilmore (Ms. Gilmore) was a resident at defendant's

long term nursing home facility, operating under the name Life Care Center of Estero (LCCE). (Doc. #29-1, ¶2.) Plaintiff also names Life Care Centers of American, Inc., Life Care Centers of America, Inc. of Tennessee, and Lee County Medical Investors, LLC as defendants and alleges that they acted as a joint venture or enterprise with LCCE. (Id., ¶4.) On or about October 26, 2007, Ms. Gilmore died as a result of a fall sustained at LCCE. The cause of her death, plaintiff alleges, was defendants' failure to "properly diagnose, treat and monitor her condition to prevent the fall." (Id., ¶11.) Plaintiff goes on to state that at all material times Ms. Gilmore was observed to be disoriented, having difficulty walking or standing and at risk for fall and that Healthpark Care Center, Inc. (Healthpark) staff and nursing employees were aware of Ms. Gilmore's condition. Plaintiff does not explain Healthpark's connection to any of the named defendants. Plaintiff then states that LCCE's treatment of Ms. Gilmore was below the accepted standard of care in "this and similar medical communities in like and similar circumstances," but states no facts which support this allegation.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S.

403, 406 (2002).   "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)); <u>see also</u> <u>Edwards v. Prime, Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010).  The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by <u>Twombly</u>.  <u>James River Ins. Co.</u>, 540 F.3d at 1274.   Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  The Court need not accept as true legal conclusions or mere conclusory statements.  <u>Id.</u>

### III.

Plaintiff alleges two counts in the Amended Complaint: Negligence (Count One) and Negligence Per Se (Count Two).

**A.   Count One: Negligence**

Florida Statutes §§400.023-400.0238 provide the exclusive remedy for the personal injury or death of a nursing home resident

arising out of negligence or a violation of rights specified in that chapter.  Thus, to state a claim for negligence against Ms. Gilmore's nursing home, plaintiff must allege:

> (a) The defendant owed a duty to the resident;
> (b) The defendant breached the duty to the resident;
> (c) The breach of the duty is a legal cause of loss, injury, death, or damage to the resident; and
> (d) The resident sustained loss, injury, death, or damage as a result of the breach.

Fla. Stat. §400.023(2).

Defendants contend that this count should be dismissed because plaintiff fails to allege the element of duty.  The Court agrees with defendants.  Although, the statute itself provides that in any claim brought pursuant to §400.023(3) "a licensee, person or entity shall have a duty to exercise reasonable care", plaintiff must identify which defendant or defendants owed Ms. Gilmore that duty.  See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602, 2006 WL 4590705 at *5 (S.D. Fla. Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8.").

Additionally, plaintiff must allege facts to support each of the elements listed above.[1]  A complaint "requires more than labels

---

[1]The case plaintiff relies on to support his generalized pleading, Thompson v. Kindred, 211 F. Supp. 2d 1345 (M.D. Fla. 2002), was decided pre-Twombly.  Under the current standard,
(continued...)

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  Count One will be dismissed without prejudice and with leave to amend.

**B.    Count Two: Negligence Per Se**

Defendants contend that Count Two should be dismissed because §400.023 prohibits such a claim.  The Court agrees with defendants. Section 400.023(2) states:

> Nothing in this part shall be interpreted to create strict liability. A violation of the rights set forth in s. 400.022 or in any other standard or guidelines specified in this part or in any applicable administrative standard or guidelines of this state or a federal regulatory agency shall be evidence of negligence but shall not be considered negligence per se.

Count Two will be dismissed with prejudice.

**C.    Additional Deficiencies:**

In plaintiff's response, he recognizes that the pre-removal complaint contained various deficiencies.  Some of those deficiencies exist in the Amended Complaint and plaintiff should take this opportunity to correct them.

In making his jurisdictional allegations, for example, plaintiff is reminded that in addition to the amount-in-controversy requirement, he must allege the citizenship of the plaintiff and each of the defendants.  A limited liability company is a citizen of every state in which one of its members is located.  Rolling

---

[1](...continued)
plaintiff must clearly and concisely state the circumstances, occurrences and events which support his claims.

Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004).  Thus, to the extent Lee County Medical Investors LLC remains a defendant, plaintiff must allege the citizenship of each of its members.

With respect to the prayer for attorney's fees, the Court encourages plaintiff to review the most recent version of Section 400.023(1).  The statute allows for attorney's fees only when the plaintiff prevails on a claim for injunctive or administrative relief.

To the extent plaintiff wishes to establish the existence of a joint venture among the defendants, he must allege: (1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained.  Austin v. Duval Cnty. Sch. Bd., 657 So. 2d 945, 948 (Fla. 1st DCA 1995) (citing Kislak v. Kreedian, 95 So. 2d 510, 515 (Fla. 1957)).

Finally, plaintiff must allege compliance with the pre-suit requirements outlined in §400.0233.  The Court cautions plaintiff that a mere conclusory statement in this regard will be insufficient.  Plaintiff must provide some factual detail demonstrating to the Court that he has exhausted all aspects of the pre-suit procedures contained in §§400.0233(2)-(11).

Accordingly, it is now

**ORDERED**:

1.   Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support Thereof (Doc. #31) is **GRANTED**; Count One of the Amended Complaint (Doc. #29-1) is dismissed without prejudice and with leave to amend and Count Two is dismissed with prejudice.

2.   Plaintiff may file a Second Amended Complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of January, 2012.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record